**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRAD ALONZO BRADFORD,
Plaintiff,

vs

BUTLER COUNTY SHERIFF, et al.,
Defendants.

Case No. 1:13-cv-909

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff was a prisoner at the Chillicothe Correctional Institution in Chillicothe, Ohio when he commenced this *pro se* civil rights action under 42 U.S.C. § 1983 challenging his medical treatment when he was incarcerated at the Butler County Jail (BCJ). On December 23, 2013, the undersigned issued an Order and Report and Recommendation recommending that the named defendants and portions of plaintiff's complaint be dismissed, which was adopted by the District Court on March 10, 2014. (*See* Docs. 5, 16-17). The case was allowed to proceed, however, against unidentified paramedics and a doctor at BCJ "to the extent that plaintiff has alleged that those defendants' inaction and/or response to his requests for placement in a 'bottom bunk bottom range' amounted to deliberate indifference to his serious medical needs." (*See* Doc. 5, pp. 3-4). Plaintiff was notified that "before service of process can occur with respect to those defendants, plaintiff must file a motion to issue service setting forth the identi[t]ies of the paramedics and doctor he is suing and must provide updated summons and United States Marshal forms for service purposes." (*Id.*, p. 7). He was ordered "to file a motion to issue service, including updated summons and United States Marshal forms, if/when he discovers the

identities of the paramedics and doctor through discovery." (*Id.*). He was further advised that "no service will be issued on those defendants until he complies with this Order" and that "if he fails to comply with this Order, his complaint against the Butler County paramedics and doctors may eventually be dismissed." (*Id.*). In addition, plaintiff was ordered to "inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit." (*Id.*, p. 8).

On March 7, 2014, plaintiff filed a notice amending the complaint to name eight BCJ medical staff members as the "John Doe" defendants. (Doc. 15). Thereafter, on March 14, 2014, the undersigned issued a Deficiency Order requiring plaintiff to "submit completed summons and United States Marshal forms for each of the eight individuals he has now identified as the 'John Doe' defendants" and "any additional copies of the complaint that are needed for service purposes" within thirty (30) days. (Doc. 18, p. 2). Plaintiff was expressly warned that "if he fails to comply with this Order within **thirty (30) days** of the date of filing of this Order, the Court may dismiss his case for want of prosecution. (*Id.*) (emphasis in original).

The Court's records reflect that the "green card" acknowledging execution of service of the Deficiency Order was returned as signed for the plaintiff on March 20, 2014. (Doc. 20). However, the certified mail package was returned to the Clerk of Court on April 4, 2014, with the following notation: "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD." (*See* Doc. 21).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants

invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Here, it appears that the plaintiff has not complied with this Court's previous order of December 23, 2013, by failing to promptly inform the Court of any changes in his address. As a result, he has also failed to comply with this Court's orders issued on December 23, 2013 and March 14, 2014, because he has not provided the Court with the updated summons and United States Marshals forms that are needed for service purposes. (*See* Docs. 5, 18). Because plaintiff has not complied with orders of the Court required for the prosecution of his action against the eight named BCJ medical staff members who remain in this case, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

s/Stephanie K. Bowman______
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRAD ALONZO BRADFORD,
Plaintiff,

Case No. 1:13-cv-909

vs

Dlott, J.
Bowman, M.J.

BUTLER COUNTY SHERIFF,
et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc